IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHAQUILA MONTEZ BUMPASS,         )
                                 )
         Petitioner,             )
                                 )     1:14CV1036
     v.                          )     1:13CR102-1
                                 )
UNITED STATES OF AMERICA,        )
                                 )
         Respondent.             )

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Shaquila Montez Bumpass ("Petitioner") has moved to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. (Petition (Doc. 53).)[1] The Government has responded in opposition to the Petition (Doc. 56). Petitioner has not filed a reply. The matter is now before the court for a ruling. See Rule 8, Rules Governing § 2255 Proceedings. For the following reasons, this court finds Petitioner's claims should be denied and the Petition will be dismissed.

**I.   BACKGROUND**

In pertinent part, Petitioner was indicted for (1) conspiracy to knowingly, intentionally and unlawfully distribute cocaine hydrochloride (Count One, Object One) and cocaine base

---

[1] Unless otherwise noted, this and all further citations to the record are to the docket in the criminal case (1:13CR102-1).

(Count One, Object Two); (2) possession with intent to distribute cocaine hydrochloride (Count Two); (3) possession with intent to distribute cocaine base (Count Three); (4) possession of a firearm by a convicted felon (Count Four); and (5) possession of a firearm in furtherance of a drug trafficking crime (Count Five). (Indictment (Doc. 1).) Petitioner entered a plea of guilty to Counts One and Five pursuant to a written plea agreement. (See Plea Agreement (Doc. 22); Minute Entry 06/05/2013.)

On September 23, 2013, this court sentenced Bumpass to 147 months of imprisonment, followed by four years of supervised release. (See Minute Entry 09/23/2013; Judgment (Doc. 35).) Petitioner, through counsel, appealed to the Fourth Circuit, challenging the substantive reasonableness of her sentence. United States v. Bumpass, 580 F. App'x 188 (4th Cir. 2014). "In accordance with Anders v. California, 386 U.S. 738 (1967), [Petitioner's] counsel . . . filed a brief certifying that there [were] no meritorious grounds for appeal." Id. Further in accordance with Anders, the Fourth Circuit reviewed the entire record and found no meritorious grounds for appeal. Id. at 189. The Fourth Circuit therefore affirmed this court's judgment. Id.

## II. **LEGAL STANDARD**

Each of Petitioner's claims is based on alleged ineffective assistance of counsel at various stages of the proceedings. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that her attorney's performance fell below a reasonable standard for defense attorneys and, second, that she was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668, 688, 691-92 (1984). A petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A reasonable probability is one "sufficient to undermine confidence in the outcome." Spencer, 18 F.3d at 233 (citing Strickland, 466 U.S. at 694). Claims of ineffective assistance of counsel on appeal are judged using the Strickland test set out previously. See Lawrence v. Branker, 517 F.3d 700, 708-09 (4th Cir. 2008). Appellate counsel need not raise on appeal every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745 (1983); see also Smith v. Murray, 477 U.S. 527 (1986); Evans v. Thompson, 881 F.2d 117, 124 (4th Cir. 1989) (declaring that

counsel pursued sound strategy when he "determined what he believed to be petitioner's most viable arguments and raised them on appeal"). Winnowing out weaker arguments to press forward with more important points is part of effective appellate advocacy. Jones, 463 U.S. at 751-52. Prejudice can be shown by demonstrating that "'counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.'" Bell v. Jarvis, 236 F.3d 149, 180 (4th Cir. 2000) (quoting Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994)).

**III. DISCUSSION**

Petitioner now moves to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 53.) In her Petition, Petitioner raises two claims of ineffective assistance of counsel. First, Petitioner contends that her counsel was stressed and pre-occupied with personal issues and failed to call character witnesses or learn the circumstances of Petitioner's charges. (See id. at 4-5 (Ground One).)[2] Second,

---

[2] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

counsel filed an Anders brief on appeal.  (See id. at 5-6 (Ground Two).)

    A.    **Ground One – Denial of Effective Assistance of Counsel**

Petitioner contends that she was denied effective assistance of counsel, claiming her counsel was "pre-occupied with marital issues" because he was "going through a custody battle . . . that left him stressed."  (See Petition (Doc. 53) at 4 (Ground One).)  Petitioner also contends that she was not adequately represented because her counsel "called no one to speak for [Petitioner's] character."  (See id.)  Petitioner does not proffer any character witnesses or describe their proposed testimony.  She also does not set out the circumstances of her arrest that counsel should have investigated or raised.  Counsel, in his response affidavit, mentions one possible witness, but made a reasonable strategic decision not to call the witness for two reasons: (1) the potential witness "was interviewed by the U.S. probation and his support of [Petitioner] appeared in [two paragraphs] of [Petitioner's] pre-sentencing report," and (2) the potential witness has a previous criminal history.  (See Government's Resp. to Petitioner's Mot. to Vacate, Attach. A (Doc. 56-1) at 6.)  Finally, Petitioner's conclusory argument that she was not adequately represented is further undermined by counsel's successful challenge to the

- 5 -

recommended two-level increase in her sentence.  (See Sentencing Hr'g Tr. (Doc. 46) at 7-13, 14-23.) This claim fails because the Petition and the files and records of the case conclusively show that Petitioner is not entitled to relief.

   **B.   Ground Two – Denial of Right to Appeal**

In Ground Two, Petitioner alleges that, "based on Anders" her counsel "saw no reason to appeal" the decision of this court. (See Petition (Doc. 53) at 5-6 (Ground Two).)  Petitioner claims that, rather than choosing not to raise on appeal a meritless issue, the reason her counsel did not appeal was "due to [the] fact [she] was considered indigent and could not afford him or any attorney to file an appeal on [her] behalf."  (See id.)  This claim is entirely conclusory and should be denied for that reason alone.  See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."). Petitioner points to no possible meritorious issues and none appear in the record.  Further, the Fourth Circuit reviewed the entire record and also found no meritorious grounds for appeal. Bumpass, 580 F. App'x at 189.  Because appellate counsel cannot be constitutionally ineffective for failing to raise on appeal a meritless issue, this claim fails.  See Jones, 463 U.S. at 751 (recognizing that no Supreme Court opinion says "that the

indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points"). Further, Petitioner is incorrect in her assertion that "[e]ven though the sentencing judge stated that an appeal should be filed, [the] court appointed attorney felt otherwise." (See Petition (Doc. 53) at 5.) Nowhere in the record does this court suggest that Petitioner should appeal. At her sentencing, this court merely advised Petitioner of her right to appeal the sentence imposed. (See Sentencing Hr'g Tr. (Doc. 46) at 25.) Therefore, for these reasons, Petitioner's second claim fails.

## IV. <u>CONCLUSION</u>

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 53) is **DENIED** and that this case is **DISMISSED** without an evidentiary hearing.

A Judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 29th day of September, 2015.

```
                          _____
                               United States District Judge
```